UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-188-KDB

| | |
|---|---|
| COLA TERRELL HARRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MIKE SLAGLE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 8]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

## I. BACKGROUND

The incarcerated Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Mountain View Correctional Institution ("MVCI").[1] [Doc. 1]. The Complaint was dismissed on initial review and the Plaintiff was granted the opportunity to amend. [Doc. 7]. The Amended Complaint is now before the Court for initial review. [Doc. 8].

The Plaintiff now names as Defendants in their individual capacities: Samatha Greene, the MVCI program supervisor; and Jessica Seekins, the MVCI programmer. [Id. at 2]. He asserts claims for "deliberate indifference [and] negligence." [Id. at 3]. He claims that he was "denied the right to further [his] education" between April 22, 2022 and December 14, 2023, when Seekins and Greene declined to assist him in obtaining the required credentials to enroll in a vocational class. [Id. at 4]. After the Plaintiff obtained the credentials himself, "staff got deceptive and took

---

[1] The Plaintiff's present address of record is at the Tabor Correctional Institution.

out a fictitious disciplinary to stop the transfer process." [Id.]. For injury, he states "intentionally [sic] infliction of emotional distress." [Id. at 5]. He seeks punitive damages for "the negligent and unprofessional conduct of staff." [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S.

2

166 (2023).

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer, 511 U.S. at 833. Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To show deliberate indifference, the inmate "must show both (1) 'that the [prison] official in question subjectively recognized a substantial risk of harm' and (2) that the official also 'subjectively recognized' that any actions he took in response 'were inappropriate in light of that risk.'" Ford v. Hooks, 108 F.4th 224, 230 (4th Cir. 2024) (quoting Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (cleaned up)). It is not enough that the prison official should have recognized the risk and the inadequacy of his response. Id. Instead, the official "actually must have perceived" both. Parrish, 372 F.3d at 302-03. "Deliberate indifference is a very high standard," and "a showing of mere negligence will not meet it." Id. (quoting Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).

The Plaintiff's claim that the Defendants' refusal to assist him in obtaining credentials to register for an educational course fails to state a plausible § 1983 claim because "inmates have no constitutional right to rehabilitation or educational programs." Garrett v. Angelone, 940 F.Supp. 933, 942 (W.D. Va. 1996), aff'd, 107 F.3d 865 (4th Cir. 1997). Accordingly, the alleged deprivations of educational programs "simply [is] not punishment[]." Rhodes v. Chapman, 452 U.S. 337, 348 (1981). The Plaintiff's reliance on negligence is also insufficient to state a § 1983

3

claim. See Parrish, 372 F.3d at 302.

The Plaintiff's allegation that "staff got deceptive" and made a false disciplinary charge to prevent his transfer cannot proceed because the Plaintiff does not identify the "staff"[2] who allegedly engaged in a deceptive act and, in any event, this claim is too vague and conclusory to state a plausible § 1983 claim. See Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights") (cleaned up); see also Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Amended Complaint is, therefore, dismissed as frivolous and for failure to state a claim upon which relief can be granted.

This action is dismissed without further leave to amend, as the Plaintiff was previously granted to opportunity to amend and is unable to state a claim. See generally United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n.6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted); Workman v. Morrison Healthcare, 724 F. App'x 280 (4th Cir. 2018) (where a district court has already afforded a plaintiff the opportunity to amend, it has the discretion to afford him another opportunity to amend, or dismiss the complaint with prejudice); Green v. Wells

---

[2] To the extent that "staff" refers to individuals other than the Defendants, these allegations are nullities. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity.").

Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020) (same).

## IV. CONCLUSION

In sum, the Amended Complaint fails initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and this action is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 8] fails initial review, and this action is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to enter a Clerk's Judgment and close this case.

**IT IS SO ORDERED.**

Signed: September 11, 2025

Kenneth D. Bell
United States District Judge